**Joseph E. PUERTAS, Petitioner,**

v.

**MICHIGAN DEPARTMENT OF CORRECTIONS, Oakland County Sheriff's Department, and Custodian of Joseph E. Puertas, Respondents.**

**No. Civ.A. 00–40102.**

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 27, 2001.

Robyn B. Frankel, Bloomfield, MI, for petitioner.

William G. Pierson, Pontiac, MI, for respondent.

### ORDER DENYING AS MOOT PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE

GADOLA, District Judge.

On March 3, 2000, Petitioner filed a petition for a writ of habeas corpus pursuant to Title 28, United States Code section 2241, challenging a denial of bond in state court pending appeal. In addition to the petition pursuant to Section 2241, Petitioner filed an "Emergency Ex Parte Request for Continuation of Bond Pending Hearing on 2241 Motion".

United States District Judge Denise Page Hood, acting as presiding judge, heard Petitioner's emergency request ex parte and granted Petitioner a Temporary Restraining Order on March 4, 2000, in the absence of myself, to whom this action had been assigned. A hearing was subsequently held on March 10, 2000 before this Court on whether to extend the Temporary Restraining Order granted by Judge Hood until such time as this Court could consider and rule on Petitioner's Motion for Preliminary Injunction. At that hearing appearances were filed by both Petitioner and Respondents and Respondents were afforded an opportunity to object to and oppose in open court Petitioner's Motion to Extend the Temporary Restraining Order. For reasons set forth at considerable length in this Court's eleven page order of March 13, 2000, the temporary restraining order issued by Judge Hood was extended to March 31, 2000 pursuant to Rule 65 of the Federal Rules of Civil Procedure, and a further hearing was scheduled for March 20, 2000.

Following the hearing held March 20, 2000, this Court issued its Order Granting Petitioner's Motion for Preliminary Injunction and Entering Preliminary Injunction, enjoining Respondents "from taking Petitioner into custody based on the facts surrounding this civil action until this Court rules on Petitioner's application for a writ of habeas corpus." See *Puertas v. Michigan Department of Corrections, et al*, 88 F.Supp.2d 775. In that order and opinion this Court determined that it was likely that Petitioner would succeed on the merits of his claim that the Michigan Supreme Court had, on March 3, 2000, violated his Constitutional rights by its reversal of the Michigan Court of Appeals ruling granting bond, without setting forth any explanation or reasons for the reversal, thereby depriving Petitioner of a fundamental liberty interest under the Constitution of the United States, under the authority set forth in this Court's prior order of March 13, 2000.

In this Court's order of March 29, 2000, the Court explained that:

> If the Michigan Supreme Court were to issue an order tomorrow that vacates its prior ruling, denies Petitioner bond with reasons, and orders him to turn himself in, and if that order were consistent with federal due process requirements, then the issue before this Court would be moot and this Court could not and would

not prevent Petitioner from being remanded to jail.

*Id.* at 778–79.

Thereafter, Respondents filed a motion for reconsideration with the Michigan Supreme Court seeking clarification of that court's peremptory order remanding Petitioner to custody and a motion to immediately consider the motion for reconsideration. Respondents apparently sought clarification from the Michigan Supreme Court that would bring its March 3, 2000 Order into conformity with federal due process requirements.

On May 8, 2000, the Honorable Colleen O'Brien of the State of Michigan Circuit Court for the County of Oakland entered an Opinion and Order in which Judge O'Brien concluded that information in a police report that had been withheld from Petitioner violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *See People v. Puertas,* Nos. 98–157485, 98–157489, slip. op. at 5–6 (Mich. Cir.Ct. May 8, 2000). As a result, Judge O'Brien set aside Petitioner's conviction, granted Petitioner a new trial, and reinstated Petitioner's bond pending that new trial, *see id.* at 6, thereby rendering this habeas corpus action moot.

Nevertheless, on June 20, 2000, the Michigan Supreme Court belatedly, after Petitioner's conviction had been set aside by the Michigan Trial Court, entered an Order granting Respondent's motion for immediate consideration and denying as moot Respondent's motion for reconsideration. *See People v. Puertas,* 613 N.W.2d 297 (Mich.2000). In spite of concluding in the first two sentences of the Order that the issues before it were moot, the majority of the Michigan Supreme Court proceeded with nine single-spaced pages of obiter dicta, contesting this Court's legitimate exercise of habeas corpus jurisdiction. *See id.* at 298–306.

This Court only reviews the background of this matter to clarify the basis for this Court's rulings of March 13, 2000 and March 29, 2000. Had the Michigan Supreme Court seen fit to respond to the petition of Respondents in a timely manner, setting forth a rationale for its ruling of March 3, 2000 reversing the Michigan Court of Appeals without explanation, this matter might well have been promptly resolved. Instead, no action was taken thereon until June 20, 2000, some 99 days after this Court's ruling of March 13, 2000 and 83 days after this Court's ruling of March 29, 2000, and 43 days after the Michigan Trial Court had set aside Petitioner's conviction and thereby rendered this entire matter moot.

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Respondent's Motion to Dissolve Preliminary Injunction and Dismiss Application for Writ of Habeas Corpus as Moot [Docket Entry 19] is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus [Docket Entry 1] is **DENIED** without prejudice as moot.

**IT IS FURTHER ORDERED** that this civil action is **DISMISSED** without prejudice.

**SO ORDERED.**